UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA SANCHEZ,<br>Plaintiff,<br>v.<br>ENSURANCE ELECTRICITY, et al.,<br>Defendants. | **CIVIL ACTION NO. 26-cv-10582-DHH** |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS, ORDER OF REASSIGNMENT, AND RECOMMENDAITON OF DISMISSAL**

**September 18, 2026**

**Hennessy, M.J.**

Melissa Sanchez ("Sanchez") has filed a civil complaint and motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant the *in forma pauperis* motion, order that this case be reassigned to a District Judge, and recommend to the District Judge that this action be dismissed.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Sanchez's motion for leave to proceed *in forma pauperis*, the Court concludes that she has adequately shown that she is unable to pay the $405 filing fee. Accordingly, the motion is GRANTED.

## II. Order To Reassign Case To A District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. *See* 28 U.S.C. § 636(b)(1)(A).

This action was drawn to the undersigned Magistrate Judge under these protocols. As set forth below, the Court concludes that this action is subject to dismissal as frivolous. Because the parties have not consented to the final assignment of this case to the Magistrate Judge, the Court does not have jurisdiction to dismiss the action.

**III. Review of the Complaint**

Because Sanchez is proceeding *in forma pauperis*, the Court may conduct a preliminary review of her complaint and dismiss the pleading if it is frivolous, or in other words, lacks an arguable basis in fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (providing for the dismissal of an in forma pauperis complaint that is "frivolous"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact"). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," which includes "claims describing fantastic or delusional scenarios." *Nietzke*, 490 U.S. at 325, 327-28. As Sanchez is not represented by an attorney, the Court construes her complaint more liberally than a pleading drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

On the title page of the complaint, Sanchez identifies "Teathers Electricity and Audio Voices" as the defendants. (ECF No. 1 at 1). On the second page of the complaint, she identifies "Ensurance Electricity" and "Teather in Worcester" as defendants. *Id.* at 2. On her proposed summons, Sanchez identifies as defendants "Electricity of Worcester," "Teather of Worc.," and "Audio Voices and Movies in Teathers." (ECF No. 1-3 at 1). She also alleges within the summons, "motion devices was stolen someone issuing it for disturbances of my living and blocking my words while I try to read [and write] and resolved any implant issues." *Id.*

Sanchez's statement of her claim is not entirely clear, but she refers to "teathers" that "giv[e] parts of [her] work and places to others" and "play[] around [with] embarrass[ing] things." Compl. at 4. She claims that "[e]lectricity was taken," and there are "audios around" for people to harass her and "make [her] feel . . . in pain every day." *Id.* (spelling standardized).

Considering these allegations, the Court finds that Sanchez's complaint lacks an arguable basis in law or in fact and therefore is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g.*, *Laveau v. Snyder*, 84 Fed. App'x 654, 656 (7th Cir. 2003) (stating that plaintiff's "allegations of a surveillance device that can read minds and manipulate thoughts [were] fantastic and delusional," and affirming district court's dismissal of action as frivolous).

## IV. Conclusion

Accordingly:

1. The motion for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

2. The Clerk shall reassign this action to a District Judge.

3. The Court RECOMMENDS to the District Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this action be dismissed as frivolous.[1]

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.,* 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604-05 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).